IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| WHITEHALL TRUST, et. al., | : | BANKR. NO. 25- 15241 (PMM) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION OF DEBTORS TO EMPLOY DILWORTH PAXSON LLP AS DEBTORS' COUNSEL**

The United States Trustee for Region 3 (the "UST"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), by and through his undersigned counsel hereby objects to the Application of Whitehall Trust, Saucon Valley Trust, Whitehall Manor, Inc. and Saucon Valley Manor, Inc.( the "Debtors") to Employ Dilworth Paxson LLP as Debtors' Counsel (the "Application") (Docket No. 30) as follows:

1. The Debtors commenced the cases by filing voluntary petitions under Chapter 11 of the United States Bankruptcy Code on December 26, 2025 (the "Petition Date").

2. On December 27, 2025, the Debtors filed an application to retain Dilworth Paxson LLP ("Dilworth") as counsel to the Debtors (the "Application"). Docket No. 30.

3. On December 30, 2025, the Court entered an order jointly administering the Debtors' bankruptcy cases under Whitehall Trust, Case No. 25-15241 (PMM) as the lead case Docket. No. 53.

4. According to the Application, the Debtors seek to retain Dilworth pursuant to § 327(a), which provides that, with the court's approval, a debtor may employ an attorney to represent it if such attorney does not hold or represent an interest adverse to the estate and is a

disinterested person. A disinterested person is defined in section 101(14) as a person that "(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders … ." 11 U.S.C. § 101(14). Fed.R.Bankr.P. 2014(a) sets forth specific information that must be included in an application made under section 327 and requires that such application be accompanied by a verified statement from the proposed attorney setting forth certain required information.

5. The Application also includes a Verified Statement of Disinterestedness (the "Statement") signed by Michelle Lee ("Lee"). The Statement does not disclose all the information required by Fed. R. Bankr. P. 2014.

6. The Statement indicates that on December 11, 2025, Valley Realty Holdings ("Valley"), a purported non-debtor affiliate, paid a $25,000 retainer on the Debtors' behalf to secure representation of the Debtors in Chapter 11. Docket No. 30-1, ¶ 7.

7. The Statement does not indicate whether the $25,000 retainer from Valley was a loan, gift or capital contribution and on which Debtors' behalf the payment was made. Further the Application is unclear how the money was transferred to Dilworth, either directly or indirectly.

8. Upon information and belief, Valley was repaid the $25,000 by the Debtors without identifying which Debtors made any of the payment. However, this was undisclosed in the Statement and may have created a preference payment to an insider.

9. The Verified Statement also states that on December 17, 2025, Dilworth received $100,000 retainer from the Debtors. *Id.*

10. The Verified Statement fails to identify which Debtor(s) paid to Dilworth the $100,000 retainer in what proportion on behalf of the other Debtors. Neither the Application nor Statement identify whether the retainer was a loan, gift or capital contribution made by one or more of the Debtors on behalf of the other Debtors.

11. The Trusts and Manors are owned and controlled by one individual, Abraham Atiyeh. *See First Day Declaration of Abraham Atiyeh*, Docket No. 25, ¶ 1. Upon information and belief, the Manors are creditors of the Trusts. Therefore, the interests of the Manors and Trusts are in direct opposition to each other, Consequently, the creditors of the Manors and the creditors of the Trusts have significantly opposing interests.

12. Despite opposing interests of the Debtors and interests of creditors, the Statement fails to address how Dilworth can properly and ethically represent all four Debtors simultaneously.

13. Where there is an actual conflict of interest, counsel cannot be retained. *In re First Jersey Sec., Inc.*, 180 F.3d 504, 509 (3d Cir. 1999); *see also In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 477 (3d Cir. 1998). Representing both the Trusts and Manor present an actual conflict.

14. Where counsel fails to set forth all the required information for retention, counsel cannot be retained. "All facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *In re Hathaway Ranch P'ship,* 116 B.R. 208, 219 (C.D. Cal. 1990) (citations omitted); *see also In re Midway Indus. Contrs., Inc.*, 272 B.R. 651 (Bankr. N.D. Ill. 2001). Only the Rule 2016(b) Disclosure certifies that Atiyeh is also the individual who owns and controls the above - referenced entity Valley. Schedules have not been filed because the Court has extended the

deadline to file schedules, and While the Statement discloses that Valley made the payment, it fails to identify that it is an affiliate of the Debtors. The failure to disclose the same is not ameliorated by a subsequent R. 2016(b) Disclosure. In this case counsel failed to note that it received a retainer from a non-debtor affiliate controlled by individual who owns and controls the debtors.

    For the reasons set forth above, among others, the UST respectfully requests that the Court enter an order sustaining his objection and denying the Application.

                                                             Respectfully submitted,

                                                              Andrew R. Vara
                                                              United States Trustee
                                                              For Regions 3 and 9

                                         By:  */s/ Rachel Wolf*
                                                             Rachel Wolf
                                                              Trial Attorney
                                                              Office of United States Trustee
                                                              One Newark Center, Suite 2100
Dated: January 23, 2026                     Newark, NJ 07102
                                                             (973) 645-3014
                                                             Rachel.Wolf@usdoj.gov