**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (READING)**

| | |
|---|---|
| In re:<br>Whitehall Trust, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-15241 (PMM)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**LUKENS & WOLF LLC AS REAL ESTATE APPRAISERS**
**FOR DEBTORS PURSUANT TO 11 U.S.C. § 327(a)**

AND NOW, upon consideration of the Application of Debtors for Order Authorizing the Employment and Retention of Lukens & Wolf LLC ("Lukens") as Real Estate Appraiser for the Debtors pursuant to Section 327(a) of the Bankruptcy Code (the "Retention Application"), and upon the Declaration of Reaves Lukens, III; and the Court being satisfied that Lukens & Wolf represents no interest adverse to the Debtors or their estates in the matters upon which Lukens & Wolf is to be engaged; and it appearing that the employment of Lukens & Wolf is necessary and would be in the best interests of the Debtors, their estates and creditors,

IT IS HEREBY ORDERED that:

1.      The Retention Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, to employ and retain Lukens as their real estate appraiser, to prepare any further appraisal reports regarding the value of the Debtors' properties, to provide testimony at depositions and/or hearings, to provide a critique of any other expert reports in accordance with the terms and conditions set forth in the Engagement Letter, attached hereto as Exhibit 1, to the extent set forth herein..

---

[1] The Debtors and debtors-in-possession in these Chapter 11 Cases and the last four digits of their respective taxpayer identification numbers are as follows: (i) Whitehall Trust; (ii) Saucon Trust; (iii) Whitehall Manor, Inc. (5606); (iv) Saucon Valley Manor, Inc. (2894).  The Debtors' mailing address is 1177 6th Street, Whitehall, PA 18052.

#125455289v2

3.      The terms of the Engagement Letter, including the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved, subject during the pendency of these Chapter 11 Cases to the following provisions:

a.      Lukens shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution or reimbursement is approved by the Court;

b.      notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to Lukens for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Lukens's bad faith, actual fraud, gross negligence, willful misconduct, or self-dealing, (ii) for a contractual dispute in which the Debtors allege breach of Lukens's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors' consent prior to a judicial determination as to the exclusions set forth in clauses (i) or (ii) above but determined by this Court, after notice and a hearing, to be a claim or expense for which Lukens should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Lukens believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Lukens must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Lukens for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Lukens. All parties in interest shall retain the right to object to any demand by Lukens for indemnification, contribution or reimbursement in accordance with the terms of this Order;

d.      any limitation of liability pursuant to the terms and conditions set forth in the Application, the Wolf Declaration, the Engagement Letter, or any ancillary documents thereto shall not apply as to any losses, claims, damages, or liabilities to the extent resulting from conduct for which Lukens would not be entitled to indemnification under the provisions of this Order. Notwithstanding any provision in the Engagement Letter or any ancillary documents thereto to the contrary, the contribution obligations of Lukens shall not be limited to the aggregate amount of fees actually received by Lukens pursuant to the Engagement Letter.

#125455289v2

4.       The fees payable to Lukens pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, that notwithstanding the foregoing or anything in this Order to the contrary, the U.S. Trustee shall retain all rights to object to Lukens's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code and the Court retains jurisdiction to consider any such objection or response by the U.S. Trustee to Lukens's final fee application under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise, with respect to the reasonableness of Lukens's compensation and reimbursement requests.

5,       Notwithstanding anything to the contrary in the Application or any of its attachments (including the Wolf Declaration and the Engagement Letter), no amounts shall be paid to Lukens absent an order of this Court approving a post-petition filed on notice to parties in interest in these Chapter 11 Cases. All fees paid to Lukens by the Debtors pursuant to the Engagement Letter during these Chapter 11 Cases are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Lukens's final fee application.

6.       Notwithstanding anything in the Application, the Wolf Declaration or the Engagement Letter to the contrary, to the extent Lukens uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases to conduct certain of its services under the Engagement Letter in its stead and Lukens seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Lukens shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Lukens pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these Chapter 11 Cases.

#125455289v2

7. Lukens (i) shall only bill 50% for non-working travel; and (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of Lukens's fee applications in this case.

8. To avoid any duplication of effort and to provide services to the Debtors in the most efficient and cost-effective manner, Lukens shall coordinate with the other Debtor professionals regarding their respective responsibilities in these chapter 11 cases. As such, Lukens shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals.

9. None of the fees payable to Lukens under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

10. Such services other than set forth in the Application and the Engagement Letter that the Debtors may request that Lukens provide during the course of these chapter 11 cases, and as agreed to by Lukens, shall be subject to separate application and order of this Court.

11. In the event of any inconsistency between the Engagement Letter, the Application, the Wolf Declaration, and this Order, this Order shall govern.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors and Lukens are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Patricia M. Mayer*

Dated:  2/23/26

_____
The Honorable Patricia M. Mayer
United States Bankruptcy Judge